# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH A. BROWN, | : | |
| Plaintiff | : | |
| | : | No. 1:17-CV-01309 |
| vs. | : | |
| | : | (Judge Rambo) |
| C.O. GILLIGAN, et al., | : | |
| Defendants | : | |

## MEMORANDUM

Before the Court is pro se Plaintiff Joseph A. Brown's complaint filed pursuant to 28 U.S.C. § 1331 setting forth claims under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1977), against three corrections officers and a physician's assistant at the Lewisburg United States Penitentiary. (Doc. No. 1.) Plaintiff has also filed a motion for leave to proceed in forma pauperis (Doc. No. 9) along with a prison authorization form (Doc. No. 10.) The Court will now screen the complaint prior to service pursuant to its obligations under 28 U.S.C. § 1915A and § 1915(e)(2).

I.   **Background**

Plaintiff alleges that on April 1, 2016, he was assaulted in the shower area by the three defendant correctional officers because he refused to stop filing grievances or drop his pending lawsuits. (Doc. No. 1 at 3.) Plaintiff also alleges that on the same day, after the assault, he told physician's assistant Alama that he

1

urgently needed a medical assessment because he was violently assaulted. (Id. at 4.) Plaintiff alleges that Defendant Alama refused to provide him with a medical assessment and was therefore deliberately indifferent to his serious medical needs. (Id.) Plaintiff's last allegation is that Warden Ebbert has failed to adequately train his staff which has resulted in the April 1, 2016 assault and untreated injuries. (Id. at 5.) Plaintiff provides that he is in "imminent danger" and seeks two hundred million dollars. (Id. at 6.)

After two administrative Orders were sent to Plaintiff directing him to either pay the filing fee or provide an application to proceed in forma pauperis (Doc. Nos. 4, 8), on September 8, 2017, Plaintiff filed a motion for leave to proceed in forma pauperis. (Doc. No. 9.) In that motion, Plaintiff admits to having filed three or more actions or appeals in a Court of the United States that were dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted. (Id.) However, Plaintiff claims that he is in imminent danger of serious physical injury. (Id.) In support of that claim, Plaintiff states that he was assaulted on April 1, 2016 and denied medical treatment and he has been constantly threatened. (Id.)

Upon screening and review of Plaintiff's complaint and prior litigation history, the Court observes that Plaintiff is subject to the three-strikes provision of 28 U.S.C. § 1915(g), of the Prison Litigation Reform Act ("PLRA"), unless he can

show that he is under imminent danger of serious physical injury. The PLRA includes a "three strikes" rule, "which limits a prisoner's ability to proceed [in forma pauperis] if the prisoner abuses the judicial system by filing frivolous actions." Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001) (en banc); 28 U.S.C. § 1915(g). It states as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff is a prolific litigant and is no stranger to being denied in forma pauperis status. The Court's investigation of Plaintiff's litigation history reveals that Plaintiff is subject to the "three strikes" bar, a fact that has been established in prior civil proceedings. See Brown v. Dees, No. 1:17-CV-25, 2016 WL 7159235 (M.D. Pa. Dec. 8, 2016) (dismissing under § 1915(g)'s three-strikes bar). Accordingly, Plaintiff has reached the statutory limit as set forth in 28 U.S.C. § 1915(g) and is precluded from seeking in forma pauperis status unless he can establish that he was "under imminent danger of serious physical injury" at the time the complaint was filed. See 28 U.S.C. § 1915(g).

## II. Discussion

The PLRA, in an effort to halt the filing of meritless inmate litigation, enacted what is commonly referred to as the "three strikes" provision. 28 U.S.C. § 1915(g). However, "[t]he Act provides a limited exception to [the three strikes] rule when a prisoner is in 'imminent danger of serious physical injury,' which operates as a 'safety valve' to ensure that a prisoner is not subject to serious injury due to his inability to pay a filing fee." Brown v. Lyons, 977 F. Supp. 2d 475, 481 (E.D. Pa. 2013). Allegations of imminent danger must be evaluated in accordance with the liberal pleading standard applicable to pro se litigants, although the Court need not credit "fantastic or delusional" allegations. Gibbs v. Cross, 160 F.3d 962, 966-67 (3d Cir. 1998). Moreover, "a prisoner claiming that she is in imminent danger of serious physical harm must make specific and credible allegations to that effect." Ball v. Famiglio, 726 F.3d 448, 470 (3d Cir. 2013) (internal quotation marks and alterations omitted). "When considering whether imminent danger of physical injury has been alleged, courts may reject 'vague' or 'conclusory' allegations as insufficient to provide a basis for IFP status." Brown, 977 F. Supp. 2d at 483 (citing Famiglio, 726 F.3d at 468).

"[A] prisoner may invoke the 'imminent danger' exception only to seek relief from a danger which is 'imminent' at the time the complaint is filed." Abdul-Akbar, 239 F.3d at 312. " 'Imminent' dangers are those dangers which are

4

about to occur at any moment or are impending." Id. at 315. "Someone whose danger has passed cannot reasonably be described as someone who 'is' in danger, nor can that past danger reasonably be described as 'imminent.' " Id. at 313. Moreover, "even if an alleged harm may in fact be 'impending,' it does not satisfy the exception if it does not threaten to cause 'serious physical injury.' " Brown, 977 F. Supp. 2d at 483 (citing 28 U.S.C. § 1915(g)).

In reviewing both the assertions set forth in Plaintiff's complaint and motion to proceed in forma pauperis, the Court concludes that Plaintiff's allegations are speculative and do not satisfy the threshold criterion of the imminent danger exception of 28 U.S.C. § 1915(g). Indeed, the alleged incident Plaintiff now complains of in his instant complaint that he filed on July 25, 2017, occurred over a year and four months ago, i.e., April 1, 2016. (Doc. No. 1, 9.) The filing of a complaint nearly a year and a half after the alleged incident occurred cannot be construed as "imminent" as contemplated by the statute or case law. See Abdul-Akbar, 239 F.3d at 312. Moreover, it is the Plaintiff's burden to make specific and credible allegations of "imminent danger," Ball, 726 F.3d at 470, and "when considering whether imminent danger of physical injury has been alleged, courts may reject 'vague' or 'conclusory' allegations as insufficient to provide a basis for IFP status." Brown, 977 F. Supp. 2d at 483. Plaintiff's vague and conclusory allegation that he has "been constantly threatened by the defendants" simply fails
5

to provide the sufficiency needed to satisfy the threshold criterion of the imminent danger exception of 28 U.S.C. § 1915(g).

Accordingly, the Court will deny Plaintiff's motion to proceed in forma pauperis (Doc. No. 9) pursuant to 28 U.S.C. § 1915(g), dismiss the complaint without prejudice and direct the Clerk of Court to close this action. See Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) ("the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed in forma pauperis pursuant to the three strikes provision of § 1915(g). The prisoner cannot simply pay the filing fee after being denied in forma pauperis. He must pay the filing fee at the time he *initiates* the suit.") (emphasis in original).

### III. Conclusion

For the reasons set forth above, Plaintiff's motion to proceed in forma pauperis (Doc. No. 9) will be denied pursuant to the three-strikes provision of 28 U.S.C. § 1915(g), and the complaint will be dismissed without prejudice . An appropriate order follows.

                                             s/Sylvia H. Rambo
                                             SYLVIA H. RAMBO
                                             United States District Judge

Dated: September 28, 2017